**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**JUDGE PHILIP A. BRIMMER**

**COURTROOM MINUTES**

---

Courtroom Deputy: Kathy Preuitt-Parks
Court Reporter: Janet Coppock
Probation Officer: Gary Kruck

Date: October 14, 2011
Time: 3 hours and 07 minutes
Interpreter: n/a

**CASE NO. 09-CR-00529-PAB-02**

Parties

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**2.   PHILIP R. LOCHMILLER, II,
    aka  Philip R. Lochmiller, Jr.,**




    Defendant.

Counsel

Michelle Heldmyer
FBI Agent Jane Quimby



Patrick Ridley

---

**SENTENCING**

---

**2:35 p.m.     COURT IN SESSION**

APPEARANCES OF COUNSEL.   Defendant is present and on bond.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. he report is incorporated by reference as part of the Court's findings and conclusions.

Page Two
09-CR-00529-PAB-02
October 14, 2011

Mr. Ridley advises that the defendant has no objection to the Court incorporating testimony and argument, relevant to vulnerable victim and sophisticated means made in co-defendant Shawnee Carver's sentencing and that it be made part of this record.

**ORDERED:** The Court incorporates testimony, argument and rulings made in co-defendant Shawnee Carver's sentencing.

**2:39 p.m.** Argument by Mr. Ridley as to defendant's objection to the sophisticated means enhancement.

**2:45 p.m.** Argument by Ms. Heldmyer.

Court states its findings.

**ORDERED:** Defendant's objection to the sophisticated means enhancement is **OVERRULED**.

**2:47 p.m.** Argument by Mr. Ridley as to defendant's objection to a one-level enhancement base upon the defendant having pled to a violation of 18 U.S.C. 1957.

**3:04 p.m.** Argument by Ms. Heldmyer. Questions by the Court.

**3:13 p.m.** Further argument by Mr. Ridley.

**ORDERED:** Defendant's objection to defendant's objection to a one-level enhancement base upon the defendant having pled to a violation of 18 U.S.C. 1957, is **OVERRULED**.

**3:19 p.m.** Argument by Mr. Ridley as to defendant's objection to the vulnerable victim enhancement.

**ORDERED:** Defendant's objection to the vulnerable victim enhancement is, **SUSTAINED**.

**3:35 p.m.** Argument by Mr. Ridley as to defendant's objection to the defendant being in or using a position of trust.

**3:45 p.m.** Argument by Ms. Heldmyer.

**3:49 p.m.** Further argument by Mr. Ridley.

Page Three
09-CR-00529-PAB-02
October 14, 2011

Court states its findings.

**ORDERED:** Defendant's objection to the defendant being or using a position of trust, is **SUSTAINED**.

**4:01 p.m.** Argument by Ms. Heldmyer in support of **Government's Motion for Downward Departure For Defendant Philip R. Lochmiller, II Pursuant to U.S.S.G. Section 5K1.1 (Doc #508), filed 9/15/11**.

**4:03 p.m.** Argument by Mr. Ridley.

Court states its findings.

**ORDERED:** Government's Motion for Downward Departure For Defendant Philip R. Lochmiller, II Pursuant to U.S.S.G. Section 5K1.1 (Doc #508), filed 9/15/11, is **GRANTED**, as stated on the record.

**4:30 p.m.** Argument by Mr. Ridley in support of defendant's request for a variant sentence and comments addressing sentencing.

**4:47 p.m.** **COURT IN RECESS**

**4:58 p.m.** **COURT IN SESSION**

Further argument by Mr. Ridley.

**5:15 p.m.** Argument by Ms. Heldmyer and comments addressing sentencing.

EJ Verdahl addresses the Court.

Steve Bagga addresses the Court.

Defendant addresses the Court.

Court states its findings.

**ORDERED:** Defendant's request for a variant sentence is **DENIED.**

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Page Four
09-CR-00529-PAB-02
October 14, 2011

Defendant entered his plea on **November 16, 2010** to counts **One and Fifteen of the Superseding Indictment.**

**ORDERED:**  Defendant's plea of guilty is **ACCEPTED.**

**ORDERED:**  Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**  Defendant shall be **imprisoned** for **60** months as to count One and **96** months as to count Fifteen, to be served concurrently.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years as to counts One and Fifteen, to be served concurrently.

**ORDERED:**  **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- ( ) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:**  **Special Condition** of Supervised Release that:
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

Page Five
09-CR-00529-PAB-02
October 14, 2011

- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) Any employment for the defendant shall be approved in advance by the supervising probation officer. The defendant shall permit contact between the probation officer and her employer(s), including but not limited to, full time, part time, temporary and contract employment.
- (**X**) The defendant is prohibited from employment where he/she would solicit funds for investment or employment which would permit her to have custody and/or control over investor funds, and may not be in the signatory on any accounts possessing investor employment.
- (**X**) The defendant shall submit to financial monitoring by, or at the direction of, the probation officer.
- (**X**) The defendant shall not be employed in a fiduciary position.
- (**X**) The defendant shall not engage in any business activity unless said activity is operating under a formal, registered entity such as a corporation, limited liability company, limited liability partnership, limited liability limited partnership, sole proprietorship or general partnership.
- (**X**) The **special assessment/restitution/fine** obligations are due immediately. Any unpaid balances upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at lease 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Costs of imprisonment and supervised release are WAIVED.

**ORDERED:** Defendant shall make **restitution**, to be determined. Court defers entry of restitution order and counsel are directed to contact chambers and schedule a hearing within **90 days** from today's date.

**ORDERED:** Defendant may surrender voluntarily as follows: Report to the designated institution on or before **12:00 noon, on the date determined, to the institution designated by the Bureau of Prisons.**

**ORDERED:** Counts 2 through 4, 7 through 9, 11, 14, and 24 through 33 of the Superseding Indictment are **DISMISSED.**

Page Six
09-CR-00529-PAB-02
October 14, 2011

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 10 days.

**ORDERED**:  Bond is continued.

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**5:53 p.m.     COURT IN RECESS**

**Total in court time:     187 minutes**

**Hearing concluded**